Thomas A. Aurelio, J.
Plaintiff moves to strike out the affirmative defenses pursuant to rule 109 of the Rules of Civil Practice and section 262 of the Civil Practice Act. The action is in false arrest made by a police officer without warrant or other legal process. It is further alleged that no crime was committed or attempted by plaintiff in the officer’s presence and that no felony had been committed and. no reasonable cause existed to believe that plaintiff had committed a felony. Plaintiff cannot succeed unless there is proof that no crime was committed by plaintiff in or out of the presence of the arresting officer and that there was no probable cause to believe one was committed by the plaintiff. In the first defense it is alleged that the acts of the police officer were performed without malice and with reasonable and probable cause in the performance of his duties. Since malice is not alleged, the absence of malice will not defeat the cause upon proof of the allegations thereof. What is meant by the statement that the alleged acts were performed with reasonable and probable cause in the performance of duties is not clear but if the existence of reasonable and probable cause to believe a crime was committed by the plaintiff is intended, a proper factual statement thereof is required. The allegations of the first defense are repeated as a second defense in mitigation of damages. Plaintiff seeks the recovery of compensatory damages for an arrest which is as *369 alleged wholly without lawful basis. If upon trial of the issues created by the general denials and by the first defense when properly pleaded defendant fails to come within the provisions of section 177 of the Code of Criminal Procedure, the attempted plea in mitigation would be unavailing.
The motion is granted dismissing the first and second defenses, with leave to replead the first defense within 10 days from service of a copy of this order with notice of entry.